OPINION
{¶ 1} Appellant, Robert A. Barbour, Jr., appeals from the judgment of the Franklin County Court of Common Pleas and raises a single assignment of error as follows:
 The trial court erred in accepting Appellant's guilty plea in violation of Crim.R. 11 and due process guarantees under the state and federal Constitutions. *Page 2 
 {¶ 2} Appellant and a co-defendant were indicted by the Franklin County Grand Jury on ten counts arising from a robbery in a private home involving two male victims; two counts of aggravated robbery, first-degree felonies; two counts of robbery, second-degree felonies; two counts of robbery, third-degree felonies; one count of aggravated burglary, a first-degree felony; two counts of kidnapping, first-degree felonies; and one count of having a weapon while under disability, a third-degree felony.
 {¶ 3} Each of the counts contained a specification alleging that a firearm was used in committing the offense.
 {¶ 4} About a month after the indictment was returned, appellant and his counsel appeared before the trial court prepared to enter a guilty plea. The trial court inquired of the defense counsel whether he had adequately investigated the case and the defense counsel responded:
 Your Honor, if it please the Court, in that regard, I have gone out to the workhouse and spoken with Mr. Barbour. I shared, actually, the Prosecutor's file with him today. The Prosecutor gave me his entire file to share. He was caught at the scene, a little ways away, right after this particular event. He gave a full statement at the time that evening, so I feel confident Mr. Barbour knows the allegations against him. He knows the consequences of these allegations.
 And I do think that it is in his best interest, probably, to get these behind him. And I have told him we can come back a different day or have a continuance or have time, but I think, you know, his position is that's not going to change the offer, and I indicated, no, that's not going to change the offer and thought that was about the type of offer I was going to get with Mr. Domis [the prosecutor].
 We've spoken — the Prosecutor and I have spoken prior to today regarding this particular case and the potential offer and consequences, and those were conveyed to Mr. Barbour personally by myself and gone over. So I think he does understand, even though it's a short period of time *Page 3 
since he's been indicted, I think he does understand the nature of everything that's involved here.
(Tr. at 4-5.)
 {¶ 5} The prosecutor then explained to the court that appellant intended to plead guilty to one of the aggravated robbery counts and the aggravated burglary count, along with the firearm specifications attached to both counts. As to the facts of the case, the prosecutor stated that appellant and two other persons forced their way into the residence of the two victims. The assailants brandished firearms and demanded cash and drugs. The assailants then ransacked the residence and stole cell phones, cash, a Glock .9 handgun, and a gold necklace. At some point, one of the assailants "pistol-whipped" one of the victims, causing injuries to his head. (Tr. at 6.) Appellant was apprehended not far from the scene with cocaine in his possession. Appellant told the police that he and the other two assailants went to the residence intending to steal a half kilogram of cocaine and $80,000, which they believed were inside the residence.
 {¶ 6} The trial court personally addressed appellant, while appellant responded affirmatively to the question whether he signed the guilty plea form, he then hesitated and requested more time because he wanted to discuss the matter further with his family, especially his father. The trial court then continued the guilty plea hearing to the next day. The next day, appellant again appeared before the trial court and defense counsel again advised the court that appellant did in fact intent to plead guilty. Defense counsel stated that the night before, appellant's father reviewed the state discovery packet and the father, defense counsel, and appellant further discussed appellant's plea. *Page 4 
 {¶ 7} The trial court then asked appellant whether he wished to go forward with the plea agreement and appellant answered, "Yes, sir." (Tr. at 4.) Appellant also confirmed that he had had plenty of time to think about his plea and to talk to his father or anyone else that he wished to.
 {¶ 8} The trial court gave a very detailed explanation to appellant in simple language of the nature of the charges against him, the various constitutional rights he was waiving by pleading guilty (including the right to trial by jury, the right to have guilt proven beyond a reasonable doubt, the right against self-incrimination, the right to have defense counsel question the state's witnesses, the right to subpoena witnesses, and the right to appeal any adverse verdict). The trial court inquired of defendant separately whether he understood each of these rights and to each inquiry, to which appellant answered, "Yes, sir."
 {¶ 9} The trial court also explained to appellant that both of the counts to which he was pleading guilty carry a presumption in favor of a prison term and the trial court also explained post-release control to appellant. The trial court also inquired of appellant whether anyone had pressured him into pleading guilty and appellant answered, "No, sir." (Tr. at 13.) Before accepting the plea, the trial court once again asked appellant whether he was satisfied he had enough time to discuss the case with defense counsel and his family, and appellant answered, "Yes, sir." (Tr. at 14.)
 {¶ 10} Thereupon the trial court accepted appellant's guilty plea to aggravated robbery with specification and aggravated burglary with specification, and dismissed the remaining counts in the indictment. *Page 5 
 {¶ 11} In support of his single assignment of error, appellant asserts that the trial court failed to insure that his guilty pleas were knowingly, voluntarily, and intelligently entered. Crim.R. 11(C)(2) provides that:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 12} In State v. Ballard (1981), 66 Ohio St.2d 473, paragraph two of the syllabus, the Ohio Supreme Court held that a trial court need not utilize the exact language contained in Crim.R. 11(C) "as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to that defendant[.]"
 {¶ 13} Here, the trial court explained all the rights to appellant in simple language, but correct and understandable language. Appellant indicated his understanding of each constitutional right explained to him. He also indicated his *Page 6 
understanding of the nature of the charges and the maximum penalties involved. From the record, there is no valid question as to whether the trial court fully and properly advised appellant of all his constitutional rights being waived, the effects of the guilty plea, the nature of the charges, and the penalties for each charge, as well as the probability that imprisonment be the result, the court even explaining to appellant the possible maximum sentences. There simply is no basis whatsoever shown by the record to justify a finding that appellant did not voluntarily, knowingly, and intelligently enter his guilty plea, or that the trial court failed to comply in any respect with the requirements, which are a prerequisite to the acceptance of a guilty plea.
 {¶ 14} Furthermore, appellant had appeared before the same trial judge some weeks earlier and entered a guilty plea with respect to another robbery, with respect to which appellant entered a guilty plea to two counts of robbery as felonies of the second degree, and all other charges were dismissed, although appellant had not yet been sentenced with respect to that guilty plea in the earlier case.
 {¶ 15} Appellant points out in his brief that the United States Supreme Court has held that a guilty plea constitutes a waiver of a defendant's constitutional rights and that such a waiver must be knowingly and intelligently made to meet constitutional standards, and must represent a voluntary, intelligent choice of the alternatives open to the defendant, citing Boykin v. Alabama (1969), 395 U.S. 238; andNorth Carolina v. Alford (1970), 400 U.S. 25. As indicated above, the record reflects nothing to suggest that appellant's guilty plea was not knowingly and intelligently made, nor that it did not represent appellant's voluntary and intelligent choice among the alternatives open to him. *Page 7 
 {¶ l6} Accordingly, there is no merit to appellant's assignment of error, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
SADLER, P.J., and TYACK, J., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1